UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 6:24-CR-89-REW-HAI |
| ) | |
| v. ) | |
| ) | ORDER |
| NICHOLAS ALLEN CALHOUN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 40 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Nicholas Allen Calhoun's guilty plea and adjudge him guilty of Count One (the sole count) of the Superseding Indictment (DE 25). *See* DE 41 (Recommendation); *see also* DE 37 (Plea Agreement). Judge Ingram expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 41 at 3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996)) (alterations adopted) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate judge's report and recommendation he has forfeited his right to raise this issue on appeal'"); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and

forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 41, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of Count One (the sole count) of the Superseding Indictment;

2. Further, per Judge Ingram's recommendation, Defendant's plea agreement (DE 37 ¶ 8), and an audit of the rearraignment hearing, the Court provisionally **FINDS** that the property identified in the Superseding Indictment's Forfeiture Allegations, DE 1 at 1–2 (the firearm and ammunition), is forfeitable. Defendant has an interest in said property, and the Court preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2 (b)(4)(A). The Court will further address forfeiture, and reflect any administrative forfeiture that is concluded, at that time. *See id.* at (b)(4)(B);

3. Judge Ingram allowed Defendant to remain on bond pending acceptance of the plea. *See* DE 40 at 2. Calhoun stands convicted of possessing a firearm as a convicted felon. He is subject to detention per the terms of § 3143(a)(1). Calhoun would have the burden to establish by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person in the community, to be allowed to remain on release.

4. In the Court's view, several things support Calhoun meeting the test. His triggering felony is 20 years old. He has compliantly been on bond for six months, including a lengthy stint in treatment. Judge Ingram assured Calhoun was clean after the plea. Further, his likely range hinges on being a 12/II. For now, he shall remain on bond, under the same conditions Judge Ingram originally imposed (though modified as to GPS removal). The parties shall file their positions on the issue by July 11, 2025, and the Court will process those filings and clarify Calhoun's status, under the apt standard, at that point.

5. The Court will issue a separate sentencing order.

This the 8th day of July, 2025.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge